**E-Filed 9/25/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SALVADOR MEDINARIOS, et al., <br><br> Defendants. | Case Number C 08-0998 JF (RS) <br><br> ORDER[1] GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT <br><br> [re: doc. no. 12] |

Plaintiff J & J Sports Productions, Inc. seeks default judgment against Defendant Salvador Medinarios. The application is unopposed. Because Plaintiff's counsel did not attend the September 19, 2008 hearing on the application, the Court took the matter under submission without oral argument, pursuant to Civ. L. R. 7-1(b).[2] For the reasons set forth below, the Court will enter default judgment and award Plaintiff $6,122.50 in damages.

---

[1] This disposition is not designated for publication in the official reports.

[2] Counsel apparently miscalendared the hearing and appeared at 10:30 a.m., after the matter had been taken under submission.

## I. BACKGROUND

Plaintiff commenced this action on February 19, 2008. The complaint alleges that Defendant's commercial establishment, a sports bar, unlawfully intercepted and published a transmission of a pay-per-view boxing match, to which Plaintiff allegedly owned the exclusive rights. Defendant was served with the complaint but failed to file a timely response. Plaintiff subsequently filed a motion for entry of default, and the Clerk entered default against Defendant on June 13, 2008. Plaintiff now asks the Court to enter default judgment. In addition, Plaintiff argues that it is entitled to $100,000 in statutory damages pursuant to 47 U.S.C § 557 and 47 U.S.C § 605, plus $1,800 in damages for conversion.[3]

## II. DISCUSSION

Upon default, the well-pleaded allegations in a complaint are considered to be true and sufficient to establish a defendant's liability. *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007); *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000). However, this rule does not apply to allegations in the complaint regarding damages. *Backman*, 102 F. Supp. 2d at 1197.

In the present case, Plaintiff's complaint essentially alleges the following: (1) Plaintiff owned the exclusive nationwide television rights to a championship boxing match between Fernando Vargas and Shane Mosley (as well as associated undercard events) that occurred on February 25, 2006; (2) for a fee, Plaintiff sublicensed these television rights to various establishments, such as bars and restaurants; and (3) Defendant knowingly and unlawfully

---

[3] The actual amount requested under each statute is unclear from Plaintiff's motion papers, but its proposed order requests damages of $50,000 under 47 U.S.C § 557, $50,000 under 47 U.S.C § 605, and "approximately" $1,800 for conversion. The Court will consider these numbers as the actual amount requested in the present application.

2
Case No. C 08-0998 JF (RS)
ORDER GRANTING PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT
(JFLC1)

intercepted the transmission of the boxing event so he could show it to patrons at his sports bar. These allegations are supported by evidence presented in an affidavit signed by Plaintiff's private investigator.[4] Thus, the Court considers the allegations of the complaint to be true, and the only remaining issue is damages.

### A. Damages under 47 U.S.C § 557 and 47 U.S.C § 605

Plaintiff alleges that because Defendant's actions violated both 47 U.S.C § 557 and 47 U.S.C § 605, it is entitled to separate awards for the same alleged act. However, even though Defendant's actions may violate both statutes, district courts within the Ninth Circuit almost uniformly have awarded damages under § 605 only, unless a case presents "unusual or particularly egregious circumstances." *Garden City Boxing Club, Inc. v. Zavala*, C-07-5925, 2008 WL 3875272, at *1 n.1 (N.D. Cal. Aug. 18, 2008) (quoting *Backman*, 102 F. Supp. 2d at 1197). In addition, where there is liability because the defendant has defaulted, as is the case here, courts generally award damages only under § 605. *Backman*, 102 F. Supp. 2d at 1197 n.1.

In the instant case, Defendant's alleged actions are not sufficiently egregious to warrant recovery under both statutes, and thus only § 605 will be considered here. *See Zavala*, 2008 WL 3875272, at *1 n.1; *Kingvision Pay-Per-View v. Guzman*, CV-07-0963, 2008 WL 1924988, at *1 (D. Ariz. April 30, 2008); *Garden City Boxing Club, Inc. v. Lan Thu Tran*, C-05-5017, 2006 WL 2691431 (N.D. Cal. Sept. 20, 2006); *Backman*, 102 F. Supp. 2d at 1197. The relevant damages provisions of 47 U.S.C § 605 allow a plaintiff to recover either actual damages or statutory

---

[4] The investigator's affidavit actually describes viewing the undercard match between Jhonny Gonzalez and Mark Johnson. Plaintiff's complaint does not refer to this undercard match specifically, but records of the Nevada Athletic Commission show that this match in fact was an undercard fight before the main event between Vargas and Mosley. *See* http://boxing.nv.gov/2006Results/02-25-06.pdf. Accordingly, the Court takes judicial notice of the Commission's records in finding Plaintiff's allegations to be true. *See Kingvision Pay-Per-View v. Guzman*, CV-07-0963, 2008 WL 1924988, at *2 (D. Ariz. April 30, 2008).

damages between $1,000 and $10,000 for each alleged violation. 47 U.S.C § 605(e)(3)(C)(i)(II). In addition, a court also may increase a damages award, whether actual or statutory, by an amount up to $100,000 where the "violation was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C § 605(e)(3)(C)(ii).

Plaintiff requests an award of $100,000 in enhanced statutory damages. Plaintiff argues that Defendant's interception of the boxing match was willful because certain overt steps are necessary to overcome anti-piracy encryption. Plaintiff's application and the supporting affidavit of its President, Joseph M. Gagliardi, also argue that such a large award is necessary to act as a deterrent to piracy. Mr. Gagliardi states that the normal factors that a court would consider in evaluating whether to award enhanced damages, such as public promotion of an illegal broadcast to increase patronage, profiting by using a cover charge, or increasing the price of food and drinks to take advantage of increased demand, are not truly reflective of the realities of piracy. Instead, pirates allegedly prefer more subtle approaches, such as word of mouth, to attract patrons to broadcast events, and increases in prices are not typical since such practices often will drive customers away.

Plaintiff relies upon *Entertainment by J & J v. Al-Waha Enterprises, Inc*. 219 F. Supp. 2d 769, 776-77 (S.D. Tex. 2002), in which the court awarded enhanced statutory damages of $15,000 pursuant to 47 U.S.C § 605(e)(3)(C)(ii) because the mere act of intentional interception was sufficient to infer willfulness. However, courts in the Ninth Circuit generally have declined to award enhanced damages, concluding that "an establishment that does not promote itself by advertising the Program, does not assess a cover charge, and does not charge a special premium for food and drinks hardly seems like the willful perpetrators envisioned by the statute's framers." *Backman*, 102 F. Supp. 2d at 1198 n.2.

Plaintiff's investigator observed approximately thirty-five customers inside Defendant's establishment while the boxing match was playing.  There was no cover charge for entry, and the investigator did not see any advertising for the fight.  The cost of beverages appears to have been within a normal range.  Some free food was offered, but there is no evidence that this food was offered because of the fight.  Under such circumstances, courts typically have awarded minimal statutory damages.  *See*, *e.g.*, *Backman*, 102 F. Supp. 2d at 1198 (awarding only $1,000 in statutory damages where there were sixteen patrons in a bar and no cover charge or other promotional activity).  Plaintiff also argues it has suffered a significant loss of goodwill and reputation, as establishments that pay for the rights to such events are now less likely to do business with Plaintiff in the future.  While this may be true, Plaintiff has offered no actual evidence to demonstrate this allegation.  *See Backman*, 102 F. Supp. 2d at 1198.

Additional factors weigh in favor of a modest damage award in this case.  For example, there is no evidence that all of the patrons were in Defendant's establishment solely to view the boxing match.  In fact, the investigator's affidavit notes that a number of the people present appeared to be "regulars."  While significant enhancement of damages would be more appropriate if Defendant had committed similar acts in the past, *see Lan Thu Tran*, 2006 WL 2691431, at *2; *Backman*, 102 F. Supp. 2d at 1198-99, there is no evidence that Defendant is a repeat offender.

Accordingly, the Court finds that Plaintiff is entitled to $1,000 in statutory damages plus $5,000 in enhanced statutory damages.  *See Zavala*, 2008 WL 3875272, at *1 (awarding $1,000 in statutory damages plus $5,000 in enhanced statutory damages in default judgment); *Lan Thu Tran*, 2006 WL 2691431, at *2 (awarding a total of $6,000 in statutory damages under similar facts).

### B. Damages for Conversion

Although Plaintiff requests "approximately" $1,800 in damages for conversion, no evidence has been presented that supports this amount. The private investigator's affidavit states that while there was no cover charge, beer did cost $3.50 per serving and there were approximately thirty-five patrons in Defendant's bar. Accordingly, the Court finds that Plaintiff is entitled to damages of $122.50 for conversion. *See Lan Thu Tran*, 2008 WL 2691431, at *3 (awarding $400 in damages for conversion based on the price of the cover charge multiplied by the number of patrons in attendance).

### C. Attorney's Fees and Costs

Costs and reasonable attorneys' fees are recoverable under 47 U.S.C § 605(e)(3)(B)(iii). Plaintiff's complaint requested costs and reasonable attorneys' fees, but Plaintiff's application lacks any substantive information regarding costs or fees. Under these circumstances, the Court finds that any award of costs or attorneys' fees will require further documentation in the form of a detailed written declaration, especially considering that Plaintiff has filed over a dozen similar suits in this district alleging similar acts (and often resulting in a default judgment). *See Backman*, 102 F. Supp. 2d at 1199. Pursuant to Civ. L. R. 54-1(a) and 54-6(b), counsel shall file such supporting documentation within fourteen days of the date of this order and the accompanying judgment.

## III.  ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for default judgment is GRANTED, and Plaintiff is awarded $6,122.50 in damages.  Plaintiff shall submit documentation regarding its costs and attorneys' fees within fourteen days of the date of this order.

DATED: September 25, 2008

_____
JEREMY FOGEL
United States District Court

1   This Order has been served upon the following persons:

2   Thomas Peter Riley     tprlaw@att.net

3
    Thomas P. Riley
4   Law Offices of Thomas P. Riley, P.C.
    First Library Square
5   1114 Fremont Avenue
    South Pasadena, CA 91030-3227
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28